IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **JOSEPH P. STEHLE, JR.** | * | CASE NO.: _____ |
| **Individually and as Admin.** | * | |
| **Of the Estate of JOSEPH P.** | * | |
| **STEHLE, deceased** | * | |
| **115 N. Hampton Rd.** | * | |
| **Donnellsville, OH 45319** | * | **COMPLAINT FOR PERSONAL** |
| | * | **INJURIES / WRONGFUL DEATH;** |
| And | * | **JURY DEMAND** |
| | * | |
| **KIMBERLY STEHLE** | * | |
| **133 E. Main St.** | * | |
| **Donnellsville, OH   45319** | * | |
| | * | |
| And | * | |
| | * | |
| **VIRGINIA RILEY** | * | |
| **200 Whaley Rd.** | * | |
| **New Carlisle, OH   45344** | * | |
| | * | |
| And | * | |
| | * | |
| **KRISTY SHOOPMAN** | * | |
| **6961 Ghormley Rd.** | * | |
| **Greenfield, OH   45123** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | |
| | * | |
| **VENTURE LOGISTICS LLC** | * | |
| **c/o Corporation Service Company,** | * | |
| **Statutory Agent** | * | |
| **135 N. Pennsylvania St.  Suite 1610** | * | |
| **Indianapolis, IN  46204** | * | |
| | * | |
| Also Serve: | * | |
| **VENTURE LOGISTICS, LLC** | * | |
| **1101 S. Harding Court** | * | |
| **Indianapolis, IN 46217** | * | |
| | * | |
| and | * | |

1

|  |  |
|---|---|
| **SEAN P. KELLEY** | * |
| **812 N. 20th St.** | * |
| **Richmond, IN 47374** | * |
|  | * |
| **And** | * |
|  | * |
| **AMERICAN GUARANTEE AND** | * |
| **LIABILITY INSURANCE** | * |
| **COMPANY** | * |
| **1299 Zurich Way** | * |
| **Schaumburg, IL  60196** | * |
|  | * |
| **Defendants** | * |
|  | * |

Plaintiffs, allege the following as their Complaint:

## JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).

2. Venue is appropriate under 28 U.S.C. § 1391(b)(2) and (d) and Fed. R. Civ. P. 4.

3. Plaintiff brings this action, in part, pursuant to O.R.C. § 2125.01 which expressly permits the right to maintain a cause of action for wrongful death occurring in another state to be enforced in Ohio courts.

## PARTIES

4. Plaintiff Joseph P. Stehle, Jr. is and was at all times relevant herein, a resident of Donnellsville, Clark County, Ohio.

5. Plaintiff Joseph P. Stehle, Jr., is the duly appointed Administrator of the Estate of Joseph P. Stehle, having been appointed same by the Clark County Probate Court in Case No. 20180392.

6. Plaintiff Kimberly Stehle is the wife of the decedent, Joseph P. Stehle.

7. Plaintiffs Joseph P. Stehle, Jr., Virginia Riley, and Kristy Shoopman are the children of the decedent, Joseph P. Stehle.

8. Defendant Sean P. Kelley (hereinafter "Kelley") was at all times relevant herein, a resident of Richmond, Wayne County, Indiana.

9. Defendant Venture Logistics LLC (hereinafter "Venture") at all times relevant herein was domestic liability company licensed to do business in the State of Indiana and engaged in the business of over the road trucking in the State of Ohio, amongst other states.

10. At all times relevant herein, Defendant Kelley was an employee, contractor and/or agent of Venture Logistics LLC and acted in that capacity for the interests of Venture.

11. Defendant American Guarantee and Liability Insurance Company (hereinafter American Guarantee" at all times relevant to the matters pled herein, was and is a corporation licensed to do business in the State of Ohio and is engaged in the business of selling, among other items, insurance products.

## **FACTS**

12. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

13. On or about June 9, 2018, the decedent Joseph Stehle, was transporting a 2018 Blue Chevrolet Camaro for Jeff Schmidt Auto Group to a car dealership in the State of Indiana.

14. The decedent, Joseph Stehle was lawfully operating the aforesaid vehicle eastbound on Interstate 70 approaching mile marker 110 in Hancock County, Indiana and had slowed with other traffic at this same location on eastbound I-70 due to vehicle accident that had occurred ahead.

15. At the same time and place Defendant Sean P. Kelley, was operating a 2015 Freightliner tractor trailer eastbound on Interstate 70 in the scope and course of his employment with Defendant Venture Logistics, LLC.

16. As Defendant Kelley proceeded eastbound on Interstate 70 at approximately 65 mph, with the cruise control on, he was negligently utilizing a cellular phone and/or negligently failed to maintain a proper lookout and/or negligently failed to notice that the traffic in front of him had significantly slowed and/or was stopped.

17. As Defendant Kelley continued to speed toward the slowed and/or stopped traffic he negligently failed to maintain the assured clear distance and/or negligently failed to use due regard for the speeds of the other vehicles on the roadway and crashed into the rear of decedents vehicle with such force that it continued to push the decedents vehicle into multiple other vehicles that were also stopped in traffic.

18. Defendants tractor trailer eventually drove up and on top of the decedents vehicle crushing him and causing a total loss of the vehicle.

19. As a direct and proximate result of the aforesaid collision and wrongful conduct of the Defendants, the decedent, Joseph Stehle, suffered severe and permanent injuries and lost his life.

20. Just seconds prior to the collision, Plaintiff's decedent had noticed the tractor trailer driven by Defendant Kelley bearing down on him at an excessive rate of speed, experienced pre-impact fright, post impact fright, pain and suffering, before eventually succumbing to the multiple traumas caused to him by the collision.

21. At all times relevant prior to operating and/or during the operation of the tractor trailer, Defendant Kelley consumed drugs, including but not limited to Methadone, Diazepam and Alprazolam, as well as other substances that substantially impaired and effected his ability to safely operate the commercial vehicle / tractor trailer.

22. At all times relevant herein, Defendant Kelley knew or should have known that his consumption of drugs and other substances would substantially impair his ability to safely operate a commercial vehicle / tractor trailer.

23. At all times relevant herein, Defendant Kelley knew or should have known that his consumption of drugs and other substances was unlawful and in violation of both state and federal motor carrier safety regulations.

24. At all times relevant herein, Defendant Venture Logistics negligently hired, employed, entrusted and/or supervised Defendant Kelley, jointly and severally, through independent and concerted action, association, adoption, ratification and/or other means by which they are liable.

25. At all times relevant herein, Defendant Venture Logistics knew or should have known that Defendant Kelley utilized alcohol, medications, drugs, had committed multiple traffic offense, had been convicted of criminal offense (including but not limited to operating a vehicle under the influence of alcohol), other wrongful conduct and that he was an unsafe, unfit and/or dangerous driver with an increased potential for harming others on the roadway.

26. At the time of the collision, Defendants Kelly and Venture Logistics were covered by a policy of liability insurance issued by American Hallmark Insurance Company (Policy # AHIP2269131422).

27. At the time of the collision, Defendants Kelly and Venture Logistics were covered by an umbrella policy of insurance issued by National Fire & Marine Insurance Company (Policy # 42-UMO-301357-03).

28. At the time of the collision, the vehicle driven by Plaintiff's descendent was covered by a policy of insurance issued by Defendant American Guarantee.

## FIRST CAUSE OF ACTION
### (Negligence)

29. Plaintiff incorporates all foregoing paragraphs as if fully rewritten herein.

30. On June 9, 2018 at approximately 10:15 a.m., the Plaintiff's decedent, Joseph Stehle, was lawfully operating a 2018 Chevrolet Camaro traveling eastbound on I-70 in Hancock County, Indiana approaching mile marker 110.

31. At the same time and place, Defendant Kelley, while in the course and scope of his employment for Defendant Venture, was operating a 2015 Freightliner tractor trailer eastbound on I-70 and as he approached mile marker 110, he negligently failed to maintain a proper lookout and/or was negligently utilizing his cellular phone and/or was intoxicated / impaired on drugs and/or negligently failed to use due regard for the speeds of other vehicles and/or negligently failed to maintain an assured clear distance ahead, thereby striking Plaintiff's decedents vehicle in the rear, pushing decedents vehicle into other vehicles and ultimately driving over the top of decedent's vehicle.

32. As a direct and proximate result of the collision as aforesaid, the Plaintiff's decedent sustained severe and permanent injuries including the loss of his life, pre-impact fright, post impact fright, pain and suffering, lost wages in an amount yet to be determined and a permanent loss of earning capacity.

33. The aforementioned wrongful conduct of Defendants was a direct and proximate cause of the injuries and damages to the Plaintiffs.

## SECOND CAUSE OF ACTION
### (Negligence *Per Se*)

34. Plaintiff incorporates all foregoing paragraphs as if fully rewritten herein.

35. Defendant Kelley failed to maintain the assured clear distance ahead in violation of Indiana state law.

36. Defendant Kelley failed to use due regard for the speeds of other vehicles in violation of Indiana state law.

37. Defendant Kelly was operating the tractor trailer under the influence of alcohol and/or drugs in violation of Indiana state law and Federal law.

38. Defendants Kelley and Venture Logistics were operating the tractor trailer in violation of Indiana State law and Federal law.

39. Said conduct by Defendants constitutes negligence per se under Indiana law and Federal law.

40. As a direct and proximate result of the wrongful conduct per se of Defendants, the Plaintiffs suffered injuries and damages as pled herein.

### THIRD CAUSE OF ACTION
### (Wrongful Death)

41. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

42. Plaintiff states that as a direct and proximate result of the wrongful conduct and wrongful conduct per se of the Defendants, jointly and severally, Plaintiff's decedent met his death on June 9, 2018.

43. The Plaintiff's decedent left surviving him a spouse, three adult children, two grandchildren, and other next-of-kin for whose benefit this action is brought.

44. As a direct and proximate result of the wrongful conduct of the Defendants, jointly and severally, the decedent's husband, children, and other next-of-kin, have been deprived of the decedent's loss of support, loss of services, loss of society, loss of companionship, loss of consortium, loss of care, loss of assistance, loss of attention, loss of protection, loss of advice, loss of guidance, loss of counsel, loss of instruction, loss of training, loss of education, loss of prospective inheritance, and have suffered emotional trauma and mental anguish by reason of the wrongful death of the decedent.

45. Plaintiffs have incurred funeral expenses in an amount yet to bet determined by reason of the wrongful death of decedent.

### FOURTH CAUSE OF ACTION
### (Survivorship)

46. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

47. As a direct and proximate result of the joint and several wrongful conduct of the Defendants, the Plaintiff's decedent suffered severe and permanent injuries, resulting in his death.

48. As a direct and proximate result of the joint and several wrongful conduct of the Defendants, the Plaintiff's decedent suffered a complete loss of enjoyment of life.

49. As a direct and proximate result of the joint and several wrongful conduct of the Defendants, as aforesaid, the Plaintiff's decedent suffered extreme pain, suffering, mental anguish, intentional/negligent infliction of emotional distress, and a loss of income and earning capacity in an amount yet to be determined.

## FIFTH CAUSE OF ACTION
### (Loss of Consortium)

50. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

51. Kimberly Stehle is the wife of decedent, Joseph Stehle.

52. As a direct and proximate result of the joint and several wrongful conduct of the Defendants, as aforesaid, Kimberly Stehle, permanently lost the services, companionship, society, and consortium of her husband, Joseph Stehle.

53. Joseph P. Stehle, Jr., Virginia Riley, and Kristy Shoopman are the adult children of the decedent, Joseph P. Stehle.

54. As a direct and proximate result of the joint and several wrongful conduct of the Defendants, as aforesaid, the children of Joseph P. Stehle have permanently lost the services, companionship, society, and consortium of their father, Joseph P. Stehle.

## SIXTH CAUSE OF ACTION
### (Negligent/Intentional Emotional Distress)

55. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

56. As a direct and proximate result of the joint and several wrongful conduct of the Defendants, the heirs of Joseph Stehle have suffered extreme mental anguish and emotional distress, and due to the death of Plaintiff's decedent, the heirs shall continue to suffer extreme mental anguish and emotional distress for the rest of their lives.

## SEVENTH CAUSE OF ACTION
### (Claim Against Defendant American Guarantee)

57. Plaintiff incorporates all the foregoing paragraphs in this complaint as if fully rewritten herein.

58. At all times relevant to the matters pled herein, Defendant American Guarantee provided a policy of liability and/or UM/UIM and/or medical payments insurance for the decedent Joseph Stehle under which the Plaintiffs are entitled to recover.

59. Defendant American Guarantee is a necessary party needed for the just adjudication of the matters raised in this Complaint pursuant to Civ. R. 19 and, in particular, in regard to any subrogation claims, third-party benefits, exhaustion, premium and settlement thereunder.

## EIGHTH CAUSE OF ACTION
**(Uninsured Motorists/Declaratory Judgment Against Defendant American Guarantee)**

60. Plaintiff incorporates all the foregoing paragraphs in this complaint as if fully rewritten herein.

61. At all times relevant to the matters pled herein, the decedent Joseph Stehle was covered by a policy of insurance issued by Defendant American Guarantee.  The Plaintiffs are not currently in possession of a certified copy of the policy but will file said policy with the Court when it becomes available.

62. The above stated policy provided for medical payments, bodily injury coverage, liability and property damage, and uninsured/underinsured motorists coverage.

63. Plaintiffs are entitled to recover medical payments and/or uninsured/underinsured motorists coverage payments under the above stated policy.

64. Plaintiffs bring this claim for declaratory relief for determination of their rights in regard to this policy of insurance.

## NINTH CLAIM FOR RELIEF
**(Negligent Hiring/Entrustment/Supervision)**

65. Plaintiff incorporates all foregoing paragraphs in this complaint as if fully rewritten herein.

66. Defendant Venture Logistics is a common carrier engaged in the business of transporting persons and/or property, or in the business of providing or furnishing such transportation service, for hire, whether directly or by lease or other arrangement, for the general public.

67. A common carrier owes the highest duty of care for the safety of its passengers and the general public.

68. At all times relevant herein, Defendant Kelley was acting within the scope and course of his employment with Defendant Venture Logistics.

69. At all times relevant herein, Defendant Venture Logistics, negligently entrusted the tractor trailer to Defendant Kelley a drug / alcohol using, intoxicated, high risk, inexperienced and incompetent driver, and/or was acting on his behalf as a principal and/or master and therefore is liable vicariously.

70. Defendant Venture Logistics, either through actual knowledge or through knowledge implied from known facts and circumstances, knew or should have known that

Defendant Kelley was a drug / alcohol using, intoxicated high risk, inexperienced, and incompetent river.

71. Defendant Venture Logistics knew or should have known that Defendant Kelley had before this incident been convicted of numerous motor vehicle violations including but not limited to speeding, drunk driving, failed drug / alcohol tests, reckless driving and other motor vehicle violations.

72. Defendant Venture Logistics knew or should have know that Defendant Kelley was not a safe or competent driver and/or that Defendant Kelley was operating the tractor trailer in violation of the safety rules.

73. Defendant Venture Logistics knew or should have known that Defendant Kelley operation of a tractor trailer posed a great risk of harm to other motorists on the roadway that was likely to result in the injury or death of others.

74. As a direct and proximate result of the negligent hiring, entrustment and/or supervision by Defendant Venture Logistics, the Plaintiff suffered injuries and damages as pled herein.

## TENTH CAUSE OF ACTION
**(Punitive Damages)**

75. Plaintiff incorporates all foregoing paragraphs in this complaint as if fully rewritten herein.

76. Both Defendants Venture Logistics and Kelley's wrongful conduct constitutes the kind of reckless, outrageous behavior justifying the conclusion that Defendants possessed a willful indifference to the rights and safety of Plaintiffs.

77. The conduct of Defendants was characterized by a conscious disregard for the rights and safety of Plaintiff's decedent that had a great probability, and did cause, substantial harm to the Plaintiffs.

78. Defendants jointly and severally, through independent and concerted action, association, adoption, ratification and/or other means by which they are liable disregarded the rights and safety of Plaintiffs and others on the roadway by encouraging and allowing the kind of reckless, outrageous behavior justifying the conclusion that Defendants possessed a willful indifference to the rights and safety of Plaintiffs.

79. Defendants jointly and severally, through independent and concerted action, association, adoption, ratification and/or other means by which they are liable knew or should have known that their wrongful conduct had a great probability, and did cause, substantial harm to the Plaintiffs.

80. Said conduct of Defendants constitutes actual and/or implied malice and the Plaintiffs are entitled to punitive damages.

WHEREFORE, the Plaintiffs demands judgment against the Defendants, jointly and severally, as follows:

A. Compensatory damages in an amount greater than $75,000.00;

B. Punitive damages in an amount greater than $75,000.00;

C. Funeral expenses incurred by the Plaintiff in an amount to be determined;

D. Plaintiffs demand damages against Defendant American Guarantee for underinsured/uninsured motorists coverage in an amount in excess of $75,000.00;

E. Declaratory Judgment against Defendant American Guarantee and in favor of Plaintiffs, in an amount in excess of $75,000.00;

F. Their costs of this action to include reasonable attorney fees;

G. Pre-judgment and post judgment interest at the statutory rate; and

H. For such other and further relief to which they may be deemed entitled at law or equity.

Respectfully submitted,

/s/ *Douglas D. Brannon*
Douglas D. Brannon (0076603)
Dwight D. Brannon (0021657)
BRANNON & ASSOCIATES
130 W. Second St.   Suite 900
Dayton, OH   45402
Telephone:   (937) 228-2306
Facsimile:   (937) 228-8475
E-Mail:   dbrannon@branlaw.com

### JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues presented herein, save those reserved to the Court by law.

/s/ *Douglas D. Brannon*
Douglas D. Brannon